IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-19-387-1 |
| | § | |
| EDUARDO DE LA TORRE-PEREZ, | § | |
| | § | |

**MEMORANDUM ORDER AND OPINION
DENYING COMPASSIONATE RELEASE**

Eduardo de la Torre-Perez filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), seeking a sentence of time served and supervised release on home confinement. (Docket Entry No. 29). He bases this request primarily on the fear of COVID-19, given his underlying health conditions. The record does not justify the relief he seeks, and it is denied.

**I.     Background**

De la Torre-Perez has a lengthy criminal history. He is serving a 48-month sentence for illegal reentry. (Docket Entry Nos. 26, 27, 30-1). He has served 22 months. His projected release date, including good-time credit, is in November 2022.

De la Torre-Perez is 50 years old, below the age of greater vulnerability to COVID. He has high cholesterol, hyperlipidemia, diabetes, and retinopathy, all being treated. (Docket Entry Nos. 30-3, 30-4). He is incarcerated in FCI Victorville II. De la Torre-Perez contracted COVID-19 and recovered, and he has been vaccinated. (Docket Entry No. 30-4 at 94, 100).

**II.    Analysis**

    **A.    Exhaustion**

Before filing a compassionate-release motion under § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf or [wait for] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). De la Torre-Perez sought compassionate release from the warden. (Docket Entry No. 30-2). His request was denied, meeting the exhaustion requirement. (Docket Entry No. 3 at 4).

### B. The Legal Standard

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). But a court may reduce a defendant's sentence if "the factors set forth in section 3553(a)" and "extraordinary and compelling reasons" justify a reduction. 18 U.S.C. § 3582(c)(1)(A).

After a defendant has been sentenced to a term of imprisonment, a court "may reduce the term" if, after considering the 18 U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The comments to the United States Sentencing Guidelines § 1B1.13 provide four "extraordinary and compelling reasons" that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018). A medical condition might be sufficiently serious to warrant release if the condition is either "terminal" or it "substantially diminishes the [defendant's ability] to provide self-care." *Id.* at cmt. n.1(A)). An inmate who is at least 65, and who is experiencing a serious deterioration in physical or mental health, and has served the lesser of 10 years or 75 percent of the sentence, may also present a compelling case for release.

The Fifth Circuit has held that the commentary to U.S.S.G. § 1B1.13 "informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate

release," but it is "not dispositive" and § 1B1.13 does not bind a court considering a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). "In some exceptional cases," compassionate release may be warranted if a defendant "demonstrate[s] an increased risk of serious illness if he or she were to contract COVID." *See Thompson,* 984 F.3d at 434. Courts granting compassionate release have generally done so "for defendants who had already served [most of their] sentences and [had] multiple, severe, health concerns." *Id.* at 434–35. Compassionate release typically does not extend to otherwise healthy defendants or defendants with well-managed health conditions. *Id.* at 435.

The court acknowledges the grave threat of COVID-19, but the Bureau of Prisons is taking significant steps to reduce the threat of further COVID infection in its facilities. De la Torre-Perez is well below 65. He contracted COVID-19 and recovered. He has been vaccinated and faces a low risk of contracting the virus a second time. *See United States v. Stockman*, No. 17-CR-116-2, 2020 WL 5269756, at *3 (S.D. Tex. Aug. 26, 2020) (when "an inmate is infected and recovers, courts have found [the COVID-19] risks change and diminish"), *appeal dismissed as moot*, 831 F. App'x 746 (5th Cir. 2020). He presents no terminal medical condition or a condition that inhibits his ability to practice self-care in the facility. The underlying medical conditions he identifies do not put him at such severe added risk from COVID as to justify the relief he seeks.

De la Torre-Perez has served 22 months of his 48-month sentence. His criminal history provides no support under § 3553(a) for early release. He has not demonstrated "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A).

### III. Conclusion

De la Torre-Perez's motion for compassionate release, (Docket Entry No. 29), is denied.

SIGNED on May 28, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge